IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Barbara Wood, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br><br>Vista Manor Nursing Center, et al.,<br><br>　　　　Defendants. | NO. C 06-01682 JW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

## I.  INTRODUCTION

Plaintiff Barbara Wood, individually and on behalf of the estate of Edna Murillo ("Murillo"), and Plaintiff Richard Wood (collectively, "Plaintiffs") bring this action as the result of alleged disability discrimination against decedent Murillo who was refused housing in a specialized nursing facility.  Plaintiffs allege that the discrimination against Murillo violated the federal Fair Housing Amendments Act, the federal Rehabilitation Act, and the Americans with Disabilities Act, as well as other analogous California statutes.

Before the Court is Defendants Vista Manor Nursing Center ("Vista Manor") and Life Generations Healthcare, Inc.'s ("Life Generation") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court found it appropriate to take the motion under submission without oral argument.  See Civ. L.R. 7-1(b).  Based upon the papers submitted to date, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss.

## II.  BACKGROUND

The Plaintiffs allege the following:

On January 16, 2003, Edna Murillo was admitted to the Good Samaritan Hospital in Los Gatos to be treated for symptoms of a liver disease.  (First Amended Complaint for Monetary, Injunctive, and Declaratory Relief; Demand for Jury Trial, hereafter, "FAC" ¶ 17, Docket Item No. 5.)

On January 18, 2003, Murillo's sister Plaintiff Barbara Wood ("Barbara"), Murillo, and Murillo's treating physician decided that Murillo needed to find housing at a skilled nursing facility.  (FAC ¶ 18.)  Shelley Witowski ("Witowski"), Murillo's Registered Nurse Case Manager at Good Samaritan Hospital, gave Murillo and Barbara a list of nursing facilities to call, which included Vista Manor.  (FAC ¶ 19, 20.)

On January 21, 2003, Witowski faxed Murillo's patient information to Vista Manor.  (FAC ¶ 21.)  This information noted that Murillo was diagnosed with human immunodeficiency virus ("HIV") disease but was asymptomatic.  (FAC ¶ 22.)

On January 22, 2003, Abigail Moss ("Moss"), then employed as the Director of Admissions at Vista Manor, called Witowski to inform her that Vista Manor would not accept Murillo.  (FAC ¶ 23.)

On January 28, 2003, Murillo contacted Project Sentinel, a not-for-profit fair housing investigation organization, to make a complaint of housing discrimination based on disability.  (FAC ¶ 24.)

Murillo passed away on February 28, 2003.

On March 13, 2003, Project Sentinel conducted tests to investigate Murillo's complaint.  The first tester called on March 13, 2003 at 1:07 p.m. and spoke with Moss.  The tester told Moss that she was looking for a placement for her mother who has HIV, but not AIDS.  Moss told the tester that she would have to "talk to her boss about that."  (FAC ¶ 28.)  Moss asked for the tester's telephone number.  Later that day at 1:36 p.m, a second tester

called Vista Manor and spoke to "Dan." The tester inquired about vacancies for her mother. Dan told her that a female bed was available. (FAC ¶ 29.)

On March 14, 2003 at 1:35 p.m., the first tester called Vista Manor back and left a message on Moss' voice mail reintroducing herself and reminding Moss of her mother's condition. The first tester did not hear back from Moss. (FAC ¶ 31.)

On November 5, 2003, Barbara filed a complaint with the Office of Civil Rights ("OCR"). The complaint alleged that Defendants had discriminated against Murillo by denying her admission to Vista Manor based on her HIV disability. (FAC ¶ 37.)

On November 24, 2003 at 2:30 p.m., Project Sentinel conducted an additional telephone test. This final tester inquired about bed availability with Moss. Moss indicated that beds were available. Later that day, at 3:16 p.m., Moss asked the tester to fax the referral form to her. At approximately 3:37 p.m., the tester faxed to Moss the referral form, which indicated that the patient had HIV. At 4:07 p.m., the tester called Moss. Moss told the tester that they already had four patients with HIV and that she did not know if they wanted more HIV patients, but that she would call back to let her know. At 4:43 p.m., Moss called the tester and told her that Vista Manor had decided "to pass" on the patient. (FAC ¶ 36.)

The OCR began its investigation on February 24, 2004. From March 2004 to July 2005, Plaintiffs' attorney submitted Project Sentinel's testing reports to the OCR as well as additional documents to assist in the investigation. In October 2005, Plaintiffs withdrew their complaint with the OCR, without any decision or final determination being made. (FAC ¶ 43.) After this point, Plaintiffs' attorneys contacted Defendants directly in an effort to resolve the discrimination claims. This communication included letters, sharing documents, and telephone conversations. (FAC ¶ 45.)

On March 3, 2006, Plaintiffs filed this discrimination action. Plaintiffs amended their Complaint on May 22, 2006. Against all Defendants, all Plaintiffs allege two claims for relief: the First Claim for on a violation of 42 U.S.C. § 3601 et seq., the Fair Housing Amendments Act and the Second Claim for a violation of the California Fair Employment and Housing Act, Cal. Gov't Code §

12955. Against all Defendants, Plaintiff Barbara Wood, as executor of Murillo's estate, asserts two additional claims: the Third Claim for a violation of the California Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. and the Fifth Claim for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101. Against Defendants Life Generations Healthcare and Vista Manor Nursing Center only, Plaintiff Barbara Wood asserts two claims: the Fourth Claim based on a violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 974 et seq. and the Sixth Claim for negligence.

Defendants Life Generations and Vista Manor move for dismissal of Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants contend that all of Plaintiffs' claims are time barred by the statutes of limitations as the Complaint was not filed until March 3, 2006, nearly three years after the alleged discrimination. (Defendants Vista Manor Nursing Center and Life Generations Healthcare, Inc.'s Notice of Motion and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted To First Amended Complaint; Memorandum of Points and Authorities, hereafter, "Mot." at 2, Docket Item No. 3.)

### III. STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. Navarrov. Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory or (2) insufficient facts stated under a cognizable theory." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citing Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985) cert. denied, 474 U.S. 1056 (1986)). However, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2

4

(9th Cir. 1986) (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981)).

## IV. DISCUSSION

Defendants challenge the sufficiency of each of Plaintiffs' causes of action on the ground that the statutes of limitations bar all of the claims. Plaintiffs contend that under the doctrine of equitable tolling, their claims are not time barred.

**A.  Equitable Tolling**

The primary purpose of a statute of limitation is to prevent the assertion of stale claims by plaintiffs who have failed to file their action until evidence is no longer fresh and witnesses are no longer available. Addison v. State, 21 Cal. 3d 313, 317 (1978). "[The] right to be free of stale claims in time comes to prevail over the right to prosecute them." Telegraphers v. Ry. Express Agency, 321 U.S. 342, 349 (1944). However, courts have applied the equitable tolling doctrine in circumstances where a plaintiff has in good faith pursued an avenue of obtaining legal relief. Elkins v. Derby, 12 Cal. 3d 410, 414 (1974); Garabedian v. Skochko, 232 Cal. App. 3d 836, 841 (1991).

The purpose of California's equitable tolling doctrine "is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1137 (9th Cir. 2001). The doctrine is appropriately applied where the facts demonstrate "(1) timely notice of the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Id. at 1137-1138.

The facts alleged in the First Amended Complaint establish a ground for applying the equitable tolling doctrine. The first prong of the test is met as Plaintiffs filed their original disability complaint with the OCR in November 2003, well within the time allotted to bring such actions before an administrative agency. (FAC ¶ 28.) The filing presumptively alerted the Defendants of the need to begin an investigation into the alleged discrimination claims, which also form the basis of the second identical complaint filed with the Court. Both claims name the same Defendants.

5

The second prong of the equitable tolling test is met because there is a lack of prejudice to Defendants in gathering evidence to defend against allegations in the First Amended Complaint. The second requirement examines whether "the facts of the two claims [are] identical or at least so similar that the defendant's investigation of the first claims will put him in a position to fairly defend the second. Collier v. City of Pasadena, 142 Cal. App. 3d 917,925 (1983). In this case the same facts and discrimination claims are alleged in the OCR complaint and the First Amended Complaint currently before the Court.

With respect to the third prong of the equitable tolling test, the First Amended Complaint alleges that Plaintiffs filed the original Complaint within one year of the alleged discriminatory act against Murillo. After the OCR complaint was closed, Plaintiffs directly contacted Defendants in an effort to resolve their claims of discrimination. (FAC ¶ 44.) These communications included "letters, sharing documents and numerous telephone conversations regarding plaintiffs' claims of discrimination." (FAC ¶ 45.)

The Court finds that the doctrine of equitable tolling is applicable to this case. The facts alleged in the First Amended Complaint demonstrate that there was no substantial delay in filing their claims in federal court; on the contrary, the facts alleged demonstrate good faith and reasonable conduct on Plaintiff's behalf. Accordingly, a twenty-three-month period, during which the initial complaint was pending with the OCR, shall apply.

**B.    Analogous State Statute of Limitations**

The Supreme Court has held that in the absence of a federal statute of limitations for claims arising under the Civil Rights Acts of 1866 and 1871, state law provides the controlling statute of limitations. Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 462 (1975). The federal courts must apply the most appropriate or analogous state statute of limitations by determining whether the application of that limitations period is consistent with the federal statute and its underlying policies. Kramer v. Regents of the University of California, 81 F. Supp. 2d 972, 973 (N.D. Cal. 1999). The court may also borrow the state's equitable tolling rules, absent a compelling reason not to do so. Board of Regents v. Tomanio, 446 U.S. 478, 486-87 (1980). As applied to the actions lacking a

6

statute of limitations discussed below, a one year statute of limitations applies. Taking into account the equitable tolling doctrine, Plaintiffs' Complaint with regard to these claims must have been filed by November 2005.

### 1. First Claim: Violation of Fair Housing Amendments Act, 42 U.S.C. § 3601

Plaintiffs' First Cause of Action is founded on an alleged violation of the Fair Housing Amendments Act for discrimination based on disability. Defendants contend that pursuant to 42 U.S.C. § 3613(a), "an aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or termination of the alleged discriminatory housing practice." (Mot. at 3.) Defendants contend that Plaintiffs had two years to file the discrimination complaint and that they should have filed their Complaint by January 22, 2005.

According to 42 U.S.C. § 3613(b) the "computation of such a 2-year period shall not include any time during which an administrative proceeding under this title was pending with respect to a complaint or charge...based upon such discriminatory housing practice." Plaintiffs' Complaint was pending before the OCR, an administrative agency, between November 2003 and October 2005. Pursuant to the statute, this twenty three month period is not calculated into the two year statute of limitations; the statutory period continued until November 2006. Therefore, Plaintiffs' March 3, 2006 Complaint is timely.

### 2. Second Claim: Violation of California Fair Employment and Housing Act

Defendants contend that Plaintiffs' Second Cause of Action for Violation of California Fair Employment and Housing Act, Cal. Gov't Code § 12955 is time barred, citing § 12960(d) of the California Fair Employment and Housing Act (FEHA) to support a one year statute of limitations. However, § 12960 governs employment actions under FEHA, not housing discrimination claims. Housing discrimination actions under FEHA are correctly filed under California Gov't Code § 12989.1, which provides that "an aggrieved person may commence a civil action in an appropriate court not later than two years after the occurrence...of an alleged discriminatory housing practice..." The statute is tolled while administrative proceedings based on a housing discrimination complaint

7

are pending.  Cal. Gov't Code § 12989.1.  Plaintiffs' March 2006 Complaint is within the statutory period.

Additionally, Defendants contend that Plaintiffs must exhaust their administrative remedies before receiving relief from the Court, relying on Martin v. Lockheed Missiles & Space Co., 29 Cal.App. 4th 1718 (1994).  Martin is distinguishable from this case because it is an employment discrimination case, not a housing discrimination case.  Furthermore, pursuant to the Housing Discrimination section of FEHA, California Gov't Code § 12989.1, "an aggrieved person may commence a civil action whether or not a complaint has been filed under this part and without regard to the status of any complaint..."  The Court may hear Plaintiffs' FEHA claim regardless of whether they have exhausted their administrative remedies.

**3.  Third Claim: Violation of California Unruh Civil Rights Act**

Defendants contend that Plaintiff Barbara Wood's Third Cause of Action for relief based on a violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Gov't Code § 51 is also time barred.  Because the Unruh Act does not contain its own statute of limitations, in California, "claims for civil rights violations brought under the Unruh Act are governed by the one year statute of limitations applicable to personal injury rather than the three year period applicable to actions based on statutory liability."  Wyatt v. Ralphs Grocery Co., U.S. Dist. LEXIS 27958 (2002); Gatto v. County of Sonoma, 98 Cal. App. 4th 744, 759 (Cal. Ct. App. 2002).  The statutory period for Plaintiff to file her Unruh claim expired in November 2005.  See supra  Part IV.B.  Because Plaintiff did not file the Complaint until March 2006, the Third Claim for violation of the Unruh Act is time barred.

**4.  Fourth Claim: Violation of Section 504 of the Rehabilitation Act of 1973**

Defendants contend that Plaintiff Barbara Wood's Fourth Claim for violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) is also time barred.  The Rehabilitation Act does not provide its own statute of limitation.  In California, claims under the Rehabilitation Act are usually best construed as personal injury actions and are subject to the state's one year statute of limitations.  Wilson v. Garcia, 471 U.S. 261, 271 (1985); Cal. Civ. Pro. Code § 340(3).  Plaintiff Barbara Wood should have filed her Section 504 claim by November 2005.  See supra  Part IV.B.

Plaintiff Barbara Wood mistakenly applies the two year statute of limitations found in California Code of Civil Procedure § 335.1 to her claims. (Opp'n at 8.) This statute focuses on the limitation of actions under assault, battery, or injury to, or the death of an individual caused by a wrongful act or neglect of another. In evaluating the published California cases discussing this statute, the Court finds that § 335.1 is generally not applied in housing discrimination cases. See Robbins v. Law, 48 Cal. App. 555 (1920); Gottesman v Simon, 169 Cal. App. 2d 494 (1959); Arizmendi v System Leasing Corp., 15 Cal. App. 3d 730 (1971). Plaintiff did not file her claim by November 2005, and therefore, her Section 504 claim is time barred.

### 5. Fifth Claim: Violation of the Americans with Disabilities Act 42 U.S.C. § 12101

Defendants contend that Plaintiff Barbara Wood's Fifth Cause of Action for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, is time barred. The ADA does not contain a specific statute of limitations. The Ninth Circuit has applied California's one-year limit for personal injury actions to federal disability discrimination claims. Pickern v. Holiday Quality Foods, 293 F.3d 1133, 1137 (9th Cir. 2002). Plaintiff Barbara Wood should have filed her ADA claim by November 2005. See supra Part IV.B. Plaintiff did not file her claim until March 3, 2006. Plaintiff's ADA claim is time barred.

### 6. Sixth Claim: Negligence

Defendants contend that Plaintiff Barbara Wood's Sixth Cause of Action for negligence is time barred because the three year statute of limitations ran on January 22, 2006. The relevant statute of limitations for professional negligence actions against a healthcare provider is outlined in California Code of Civil Procedure § 340.5. Accounting for equitable tolling during the pendency of Plaintiffs' OCR complaint, the statutory period ends on October 2007. Plaintiff's March 2006 claim is timely.

9

## V.  CONCLUSION

The Court GRANTS in part and DENIES in part Defendants Vista Manor Nursing Center and Life Generations Healthcare, Inc.'s Motion to Dismiss.

The Court dismisses the Third Claim for violation of the California Unruh Civil Rights Act, the Fourth Claim for violation of Section 504 of the federal Rehabilitation Act of 1973, and the Fifth Claim for violation of the Americans with Disabilities Act with prejudice.

Plaintiffs may proceed with their First Claim for violation of the federal Fair Housing Amendments Act and the Second Claim for violation of the California Fair Employment and Housing Act.  Plaintiff Barbara Wood may proceed with her Sixth Claim for negligence.

The parties shall appear for a case management conference on **November 6, 2006 at 10 a.m.** Pursuant to the Civil Local Rules of the Court, the parties shall file a joint case management statement no later than ten days from the date of the conference.

Dated: October 5, 2006

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alison Ann Brunner alisonb@lawfoundation.org
Annette Kirkham annettek@lawfoundation.org
D. Scott Chang schang@relmanlaw.com
Keith A. Fink kfink@finklawfirm.com
Kerstin Arusha kerstina@lawfoundation.org
Whitney Huston whitneyh@lawfoundation.org

**Dated: October 5, 2006**                              **Richard W. Wieking, Clerk**

                                                        **By:  /s/ JW Chambers                    **
                                                              **Courtroom Deputy**