UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARBARA WOOD, the estate of EDNA MURILLO, and RICHARD WOOD,<br><br>   Plaintiffs,<br><br>   v.<br><br>VISTA MANOR NURSING CENTER LIFE GENERATIONS HEALTHCARE, INC., and ABIGAIL MOSS<br><br>   Defendants. | Case No.: C 06-01682-JW (PVT)<br><br>**INTERIM ORDER RE DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO PROJECT SENTINEL; AND DENYING WITHOUT PREJUDICE DEFENDANTS' REQUEST FOR SANCTIONS** |

Plaintiffs Barbara Wood, Richard Wood, and the estate of Edna Murillo (collectively, "Plaintiffs") allege that Vista Manor Nursing Center, Life Generations Healthcare, Inc., and Abigail Moss (collectively, "Defendants") discriminated against Murillo on the basis of her disability by refusing her housing on account of her being HIV positive. Project Sentinel was originally a plaintiff in this action, but dismissed its claims and is no longer a party.

On December 13, 2006, Defendants served a subpoena duces tecum on Project Sentinel. On January 3, 2007, Project Sentinel faxed a letter to Defense counsel in which it asserted objections, but agreed to produce some of the requested documents subject to a protective order.

On January 30, 2007, Defendants filed their Motion to Compel Compliance with

INTERIM ORDER, *page 1*

Subpoena to Project Sentinel and Request for Sanctions. Project Sentinel filed their opposition on February 12, 2007. Defendants' motion seeks to compel Project Sentinel to produce, without a protective order, all the documents requested in the subpoena and asks this court to issue sanctions against Project Sentinel. Hearing on this motion is scheduled for March 13, 2007. This interim order only addresses Project Sentinel's request for a protective order and Defendants' request for Sanctions.

Based on the papers filed in connection with this motion, it appears that Project Sentinel sought Defendants' cooperation in obtaining a stipulated protective order. Defendants declined to stipulate to entry of such a protective order. Courts routinely enter blanket protective orders to govern the handling of confidential information exchanged in discovery. Defendants have not shown any reason not to do so in this case. Therefore,

IT IS HEREBY ORDERED that Plaintiffs and Defendants shall make a good faith effort to work together on a protective order and they shall submit to the court for review and signature a form of protective order consistent with the terms of the model stipulated protective order found on the court's website.[1] By no later than March 6, 2007, the parties shall submit either: (1) a joint stipulated protective order, or (2) if they are unable to reach an agreement, they shall each submit their own proposed form of order along with a brief statement, of no more than five pages, specifying the areas where they cannot agree and arguments for their positions.

IT IS FURTHER ORDERED that Defendants' request for sanctions is DENIED, without prejudice to a motion brought separately, as required by Civil Local Rule 7-8(a).

Dated: February 26, 2007

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] A model form titled "Stipulated Protective Order" can be found on the court's website (http://www.cand.uscourts.gov/) in the "Forms" section.