UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARBARA WOOD, the estate of EDNA MURILLO, and RICHARD WOOD,<br><br>            Plaintiffs,<br><br>     v.<br><br>VISTA MANOR NURSING CENTER LIFE GENERATIONS HEALTHCARE, INC., and ABIGAIL MOSS<br><br>            Defendants. | Case No.: C 06-01682-JW (PVT)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO PROJECT SENTINEL** |

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiffs Barbara Wood, Richard Wood, and the estate of Edna Murillo (collectively, "Plaintiffs") allege that Vista Manor Nursing Center, Life Generations Healthcare, Inc., and Abigail Moss (collectively, "Defendants") discriminated against Murillo on the basis of her disability by refusing her housing on account of her being HIV positive.[1]  Project Sentinel was originally a plaintiff in this action, but dismissed its claims and is no longer a party.

On March 13, 2007, the parties and Project Sentinel appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendants' Motion to Compel Compliance with Subpoena

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

to Project Sentinel.

On January 30, 2007, Defendants filed their Motion to Compel Compliance with Subpoena to Project Sentinel and Request for Sanctions. Project Sentinel filed their opposition on February 12, 2007. Defendants filed their reply on February 26, 2007. Defendants' motion seeks to compel Project Sentinel to produce, without a protective order, all the documents requested in the subpoena.

On February 26, 2007, the court issued an Interim Order stating that "Plaintiffs and Defendants shall make a good faith effort to work together on a protective order and they shall submit to the court for review and signature a form of protective order consistent with the terms of the model stipulated protective order found on the court's website." Further, Defendants' request for sanctions was denied, without prejudice to a motion brought separately, as required by Civil Local Rule 7-8(a). On March 2, 2007, in response to the parties' and Project Sentinel's misinterpretation of the Interim Order, the court issued a Clarification of Interim Order confirming that it is the duty of the parties of the case to determine the handling of confidential information exchanged in discovery.

For the following reasons, IT IS HEREBY ORDERED that Defendants' motion is granted in part and denied in part as follows.

**II.   DISCUSSION**

On December 13, 2006, Defendants served a subpoena duces tecum on Project Sentinel. (Defendants' Motion to Compel, Exhibit A). On January 3, 2007, Project Sentinel faxed a letter to Defense counsel in which it asserted objections, but agreed to produce some of the requested documents subject to a protective order. In this motion, Defendants seek to compel Project Sentinel's compliance with the subpoena duces tecum. This dispute involves two categories of documents, those related to the investigation into Vista Manor that Project Sentinel agreed to produce subject to a protective order, and those not directly related to the Vista Manor case that Project Sentinel claim are unduly burdensome and refuse to produce.[2] The only remaining issue

---

[2] Project Sentinel refuses to produce documents responsive to 30 of the 107 requests in the subpoena (Request Nos. 18, 29, 30, 41, 42, 53, 54, 65, 66, 77, 85, and 89-107).

relating to the first category of documents is the language of one paragraph of the protective order. The second category of documents involves five general topics: (1) payments to testers and tests of other nursing centers conducted by specific testers; (2) testing reports submitted to AIDS Legal Services; (3) cost to Project Sentinel from Defendants' actions; (4) HIV disability lawsuits; and (5) all testing of specific nursing homes.

### A.     Documents Project Sentinel Agreed to Produce Subject to a Protective Order

#### 1.     Terms of Stipulated Protective Order

Plaintiffs and Defendants agreed to all the terms of the court's model stipulated protective order except the language of Section 5, which governs designation of protected material. Defendants proposed modifying Section 5 to require production prior to designation:

> 5.1 Prior to designating any material for protection, a Designating Party shall provide the documents to the Non-Designating Party they propose are to be designated for production. The Non-Designating Party will agree not to disclose the documents and treat them as protected. After the Non-Designating Party reviews the documents and if the Non-Designating Party disagrees with the designation it shall meet and confer with the Designating Party and follow the procedure in Section 6 of this agreement.

(Defendants' Proposed Stipulated Protective Order, Section 5.1). Defendants' proposal is similar to the model order in that documents will be treated as confidential until a court rules on any disputes. Defendants' proposed language merely prevents "designation." The exchange of undesignated documents would increase the danger of confusion and inadvertent disclosure. Project Sentinel and Plaintiffs claim that Defendants, if given the opportunity, intend to publicize Project Sentinel's documents on the internet to expose Project Sentinel's methods and practices. Defendants neither admit nor deny this accusation. In light of the limited benefit and potential detriment of adding Defendants' proposed language, the language of the court's model stipulated protective order for Section 5 shall apply in this case.

#### 2.     Documents Already Produced to Defendants

At the hearing, Plaintiffs stated that they had already provided Defendants with documents relating to Project Sentinel's testing of Vista Manor Nursing Center; specifically, test results, tester instruction sheets, and the tester payment records. The personal information on the documents was redacted. Plaintiffs argue that all documents, even those already produced,

should be subject to the protective order. Because the court does not have sufficient facts to determine whether documents produced prior to the filing of a protective order should be covered by the protective order, all documents are protected by the protective order, subject to a motion to de-designate them.[3]

### B. Document Requests Project Sentinel Claim are Unduly Burdensome

#### 1. Legal Standards

"On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception of waiver applies, or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv). "Parties may obtain discovery regarding any matter, not privileged, *that is relevant to the claim or defense of any party*." (Fed. R. Civ. P. 26(b)(1) *emphasis added*). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." (*Id.*).

When the subpoena requires disclosure of a trade secret or other confidential research or information:

> the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met with undue hardship and assures that the person to who the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

Fed. R. Civ. P. 45(c)(3)(B). A non-party subject to a subpoena may object to documents sought in a subpoena on the basis of lack of relevance. The "relevance of the subpoenaed information has an important bearing upon the determination of a claim that a subpoena duces tecum is unreasonable or oppressive, as well as to a claim of confidentiality for the material sought to be produced, and that a sufficient showing of need for the information will suffice to overcome such objections." *Compaq Computer Corp. V. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335 (N.D. Cal. 1995) (quoting *New York State Energy Research v. Nuclear Fuel Service*, 97 F.R.D.

---

[3] The hearing revealed to the court that the parties failed to properly meet and confer. Before the filing any future motions, whether to de-designate documents or otherwise, the parties shall meet face to face and make good a good faith effort to resolve the dispute, or portions thereof, without involving the court.

709, 712 (W.D.N.Y.1983).  Additionally, "if the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon [the non-party] would be by definition 'undue'.  Thus, [the non-party] has standing to assert that the subpoenaed information is irrelevant." *Compaq Computer Corp.*, 163 F.R.D. at 335-36.

### 2. Burden Asserted by Project Sentinel

Project Sentinel argues that the subpoena seeks information that is not relevant to the claims and defenses in this action and is unduly burdensome.  Project Sentinel claims that disclosure of the requested tests and investigations, unrelated to Vista Manor, would hinder their ability to conduct future testing.  They further argue that disclosing the requested information would, without need or justification, invade the privacy of many parties with no connection to this case.

Project Sentinel also claims that it would be difficult and unnecessarily time consuming to locate and compile the information requested by Defendants because they have no centralized system to track reports done by individual testers.  Project Sentinel also notes that they conduct a large number of investigations, approximately one hundred, covering a variety of fair housing issues.  According to Project Sentinel, locating the information requested by Defendants could only be accomplished though review of all of their case files since 2000.

At the hearing, Defendants limited their requests to investigations and testing relating to HIV and AIDS disability discrimination in nursing facilities in the South Bay.  This limitation significantly decreases the number of case files that Project Sentinel would have to review in order to locate the requested information.

### 3. Burden vs. Relevance by Request Topics

#### a. Request Numbers 18, 29, 30, 41, 42, 53, 54, 65, 66, and 77

Request Numbers 18, 30, 42, 54 and 66 seek "Any and all DOCUMENTS reflecting payments made from YOU to [employee name[4]] from 2000 to present."  Request Numbers 29, 41, 53, 65 and 77 seek "Any and all DOCUMENTS which reflect, evidence or mention tests

---

[4] Specified Project Sentinel employees - Sara Rowland (Request No. 18), Nancy Lowe (No. 30), Shawna Reeves (No. 42), Ann Marquart (No. 54) and Gabe Zwettler (No. 66).

ORDER, *page 5*

conducted by [employee name[5]] on YOUR behalf from 2000 to the present."

Defendants argue that they need more than just the tests conducted on Vista Manor in order to challenge the credibility of the Project Sentinel's testing. Defendants further argue that payments to these Project Sentinel employees are relevant and necessary because such information would give indications as to the training and skill level of the testers.

Such slight relevance is outweighed by the burden to Project Sentinel of producing all documents relating to all payments to all testers. Accordingly, Plaintiffs shall not be compelled to respond to Request Numbers 18, 29, 30, 41, 42, 53, 54, 65, 66, and 77.

### b. Request Number 85

Request Number 85 seeks "Any and all DOCUMENTS which reflect, evidence or mention testing reports submitted to AIDS Legal Services in the year 2004."

Defendants argue that this information is relevant and necessary to evaluate the credibility and validity of Project Sentinel's testing. Project Sentinel does not articulate any specific burden associated with producing these documents. Accordingly, Project Sentinel shall produce documents responsive to Request Number 85, subject to the protective order.

### c. Request Numbers 89 to 92

Request Number 89 seeks:

> Any and all DOCUMENTS which reflect, evidence or mention that Defendant Vista Manor Nursing Center's actions have perceptually impaired and frustrated YOUR mission of eliminating discriminatory housing practices against persons based on their disability by requiring YOU to expend resources on programs and activities to counteract Defendant Vista Manor Nursing Center's discriminatory housing practices.

Request Number 90 seeks the same documents relating to Life Generations' actions.

Request Number 91 seeks:

> Any and all DOCUMENTS which reflect, evidence or mention that Defendant Vista Manor Nursing Center's discriminatory actions have forced YOU to devote YOUR scarce resources away from other activities YOU would have undertaken such as counseling, educational programs and outreach to identify and counter act Defendant Vista Manor Nursing Center's unlawful housing practices.

---

[5] Specified Project Sentinel employees - Sara Rowland (Request No. 29), Nancy Lowe (No. 41), Shawna Reeves (No. 53), Ann Marquart (No. 65) and Gabe Zwettler (No. 77)

Request Number 92 seeks the same documents relating to Life Generations' actions.

Project Sentinel correctly argues that information responsive to these requests is wholly inapplicable to the present dispute since it concerns the basis for a claim of damages, something a non-party like Project Sentinel does not, and cannot, seek in this action. Accordingly, any burden is undue and the motion is denied as to Request Numbers 89, 90, 91 and 92.

### d. Request Number 93

Request Number 93 seeks "All lawsuit(s) filed by YOU for HIV disability housing discrimination from 2000 to the present."

Defendants argue that this information is discoverable because it is public information and is likely to assist in preparing for trial or settlement. Defendants do not seek all lawsuits filed by Project Sentinel since 2000, rather their request is limited to lawsuits for HIV disability housing discrimination. Defendants argue that this information would provide them valuable insight into Project Sentinel's credibility and any potential flaws in Project Sentinel's testing and investigations. Project Sentinel argues that their previous lawsuits have no bearing on the claims and defenses in this action, but have articulated no specific burden.

Because these documents are reasonably calculated to lend to the discovery of admissible evidence and the burden is small, Project Sentinel shall provide Defendants with a list of the HIV disability housing discrimination lawsuits they have filed from 2000 to the present.

### e. Request Numbers 94 to 107

Request Numbers 94 to 107 seek "Any and all DOCUMENTS which reflect, evidence or mention tests conducted by YOU of [Care Center name[6]] for HIV disability housing discrimination from 2003 to the present."

Weighing the burden against the benefit, the motion is granted, as modified to documents

---

[6] Named Healthcare Centers: Oak Meadows Extended Care Center (No. 94), Terreno Gardens Extended Care Center (No. 95), Mission de la Case Nursing and Rehabilitation Center (No. 96), San Tomas Convalescent Hospital (No. 97), Winchester Convalescent Hospital (No. 98), Subacute Saratoga Hospital (No. 99), Skyline HealthCenter - San Jose (No. 100), Silicon Valley Care Center (No. 101), Westgate Rehabilitation and Specialty Care Ctr. (No. 102), Empress Care Center, LLC (No. 103), Valley House Care Center (No. 104), Almaden Health and Rehabilitation Center (No. 105), Courtyard Care Center (No. 106), Sunnyvale Healthcare Center (No. 107).

which reflect, evidence, or mention tests conducted by Project Sentinel, on nursing centers located in the South Bay, for HIV disability housing discrimination from 2003 to the present.

### C. Documents Withheld as Privileged Information

Project Sentinel has withheld a limited number of documents under a claim of attorney client privilege or work product immunity. (See Privilege Log, White Decl., Ex. B). Defendants objected, claiming that any communications between Project Sentinel and Plaintiffs could not be privileged. Project Sentinel's privilege log does not provide enough information to allow the court to determine whether these documents are privileged. Therefore, Project Sentinel shall provide a new privilege log that complies Rule 26(b)(5).

## III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' proposed modification of Section 5 of the court's model protective order is Denied;

2. The parties shall treat the Project Sentinel documents previously produced as protected by the protective order, subject to a motion to de-designate them;

3. Defendants' Motion is Denied in Part, without prejudice as to privileged documents and Project Sentinel shall provide a new privilege log in compliance with Rule 26(b)(5);

4. Defendants' Motion is Denied in Part as to Request Numbers 18, 29, 30, 41, 42, 53, 54, 65, 66, 77 and 89 to 92;

5. Defendants' Motion is Granted in Part in that Project Sentinel shall produce documents responsive to Request Number 85, subject to the protective order, and Request Number 93; and

6. Defendants' Motion is Modified and Granted in Part as to Request Numbers 94 to 107 in that Project Sentinel shall produce documents which reflect, evidence, or mention tests conducted by Project Sentinel, on nursing centers located in the South Bay, for HIV disability housing discrimination from 2003 to the present.

IT IS SO ORDERED

Dated: *3/16/07*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge