WHITNEY HUSTON (STATE BAR NO. 234863)
ANNETTE D. KIRKHAM (STATE BAR NO. 217958)
FAIR HOUSING LAW PROJECT
KATHERINE P. HAAS (STATE BAR NO. 229233)
ALISON BRUNNER (STATE BAR NO. 180979)
AIDS LEGAL SERVICES
111 West Saint John Street, Suite 315
San Jose, California 95113
Telephone: (408) 280-2410
Facsimile: (408) 293-0106

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (San Jose)

| | |
|---|---|
| BARBARA WOOD, individually and on behalf of the estate of EDNA MURILLO; and RICHARD WOOD, | Case No.: 06-01682 JW (PVT) |
| Plaintiffs, | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| v. | |
| VISTA MANOR NURSING CENTER, LIFE GENERATIONS HEALTHCARE, INC., and ABIGAIL MOSS, | |
| Defendants. | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

### 1. PURPOSES AND LIMITATIONS:

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not

1

confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS:

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2

1    2.8 Protected Material: any Disclosure or Discovery Material that is

2    designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

3    2.9. Outside Counsel: attorneys who are not employees of a Party but who are

4    retained to represent or advise a Party in this action.

5    2.10 House Counsel: attorneys who are employees of a Party.

6    2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well

7    as their support staffs).

8    2.12 Expert: a person with specialized knowledge or experience in a matter

9    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

10   witness or as a consultant in this action and who is not a past or a current employee of a Party

11   or of a competitor of a Party's and who, at the time of retention, is not anticipated to become

12   an employee of a Party or a competitor of a Party's. This definition includes a professional

13   jury or trial consultant retained in connection with this litigation.

14   2.13 Professional Vendors: persons or entities that provide litigation support

15   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

16   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

17   subcontractors.

18   3. SCOPE:

19   The protections conferred by this Stipulation and Order cover not only Protected

20   Material (as defined above), but also any information copied or extracted therefrom, as well

21   as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

22   presentations by parties or counsel to or in court or in other settings that might reveal

23   Protected Material.

24   4. DURATION:

25   Even after the termination of this litigation, the confidentiality obligations imposed by

26   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a

27   court order otherwise directs.

28   5. DESIGNATING PROTECTED MATERIAL:

29

3

1       5.1 Exercise of Restraint and Care in Designating Material for Protection.

2  Each Party or non-party that designates information or items for protection under this Order

3  must take care to limit any such designation to specific material that qualifies under the

4  appropriate standards. A Designating Party must take care to designate for protection only

5  those parts of material, documents, items, or oral or written communications that qualify — so

6  that other portions of the material, documents, items, or communications for which

7  protection is not warranted are not swept unjustifiably within the ambit of this Order.

8       Mass, indiscriminate, or routinized designations are prohibited. Designations that are

9  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

10  unnecessarily encumber or retard the case development process, or to impose unnecessary

11  expenses and burdens on other parties), expose the Designating Party to sanctions.

12       If it comes to a Party's or a non-party's attention that information or items that it

13  designated for protection do not qualify for protection at all, or do not qualify for the level of

14  protection initially asserted, that Party or non-party must promptly notify all other parties that

15  it is withdrawing the mistaken designation.

16       5.2 Manner and Timing of Designations. Except as otherwise provided in this

17  Order (see, e.g., second paragraph of section 5.3(a), below), or as otherwise stipulated or

18  ordered, material that qualifies for protection under this Order must be clearly so designated

19  before the material is disclosed or produced.

20       Designation in conformity with this Order requires:

21            (a) for information in documentary form (apart from transcripts of depositions

22  or other pretrial or trial proceedings), that the Producing Party affix the legend

23  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the

24  top of each page that contains protected material. If only a portion or portions of the material

25  on a page qualifies for protection, the Producing Party also must clearly identify the

26  protected portion(s) (e.g., by making appropriate markings in the margins) and must specify,

27  for each portion, the level of protection being asserted (either "CONFIDENTIAL" or

28  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

29

4

1    A Party or non-party that makes original documents or materials available for

2    inspection need not designate them for protection until after the inspecting Party has

3    indicated which material it would like copied and produced. During the inspection and before

4    the designation, all of the material made available for inspection shall be deemed "HIGHLY

5    CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified

6    the documents it wants copied and produced, the Producing Party must determine which

7    documents, or portions thereof, qualify for protection under this Order, then, before

8    producing the specified documents, the Producing Party must affix the appropriate legend

9    ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at

10   the top of each page that contains Protected Material. If only a portion or portions of the

11   material on a page qualifies for protection, the Producing Party also must clearly identify the

12   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify,

13   for each portion, the level of protection being asserted (either "CONFIDENTIAL" or

14   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

15         (b) for testimony given in deposition or in other pretrial or trial proceedings,

16   that the Party or non-party offering or sponsoring the testimony identify on the record, before

17   the close of the deposition, hearing, or other proceeding, all protected testimony, and further

18   specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

19   ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of

20   testimony that is entitled to protection, and when it appears that substantial portions of the

21   testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives

22   the testimony may invoke on the record (before the deposition or proceeding is concluded) a

23   right to have up to 20 days to identify the specific portions of the testimony as to which

24   protection is sought and to specify the level of protection being asserted

25   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

26   Only those portions of the testimony that are appropriately designated for protection within

27   the 20 days shall be covered by the provisions of this Stipulated Protective Order. Transcript

28   pages containing Protected Material must be separately bound by the court reporter, who

29

5

Wood, et al. v. Vista Manor, et al. 06-01682 JW (PVT)
STIPULATED PROTECTIVE ORDER

1  must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY

2  CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty

3  offering or sponsoring the witness or presenting the testimony.

4          (c) for information produced in some form other than documentary, and for

5  any other tangible items, that the Producing Party affix in a prominent place on the exterior

6  of the container or containers in which the information or item is stored the legend

7  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If

8  only portions of the information or item warrant protection, the Producing Party, to the extent

9  practicable, shall identify the protected portions, specifying whether they qualify as

10  Confidential" or as "Highly Confidential – Attorneys'Eyes Only."

11          5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent

12  failure to designate qualified information or items as "Confidential" or "Highly Confidential

13  – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to

14  secure protection under this Order for such material. If material is appropriately designated as

15  "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was

16  initially produced, the Receiving Party, on timely notification of the designation, must make

17  reasonable efforts to assure that the material is treated in accordance with the provisions of

18  this Order.

19      6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

20          6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's

21  confidentiality designation is necessary to avoid foreseeable substantial unfairness,

22  unnecessary economic burdens, or a later significant disruption or delay of the litigation, a

23  Party does not waive its right to challenge a confidentiality designation by electing not to

24  mount a challenge promptly after the original designation is disclosed.

25          6.2 Meet and Confer. A Party that elects to initiate a challenge to a

26  Designating Party's confidentiality designation must do so in good faith and must begin the

27  process by conferring directly (in voice to voice dialogue; other forms of communication are

28  not sufficient) with counsel for the Designating Party. In conferring, the challenging Party

29

6

1   must explain the basis for its belief that the confidentiality designation was not proper and

2   must give the Designating Party an opportunity to review the designated material, to

3   reconsider the circumstances, and, if no change in designation is offered, to explain the basis

4   for the chosen designation. A challenging Party may proceed to the next stage of the

5   challenge process only if it has engaged in this meet and confer process first.

6            6.3 Judicial Intervention. A Party that elects to press a challenge to a

7   confidentiality designation after considering the justification offered by the Designating Party

8   may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local

9   Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the

10  basis for the challenge. Each such motion must be accompanied by a competent declaration

11  that affirms that the movant has complied with the meet and confer requirements imposed in

12  the preceding paragraph and that sets forth with specificity the justification for the

13  confidentiality designation that was given by the Designating Party in the meet and confer

14  dialogue.

15           The burden of persuasion in any such challenge proceeding shall be on the

16  Designating Party. Until the court rules on the challenge, all parties shall continue to afford

17  the material in question the level of protection to which it is entitled under the Producing

18  Party's designation.

19           Should the Court find that the Designating Party inappropriately designated

20  the documents as protected then the Court shall have discretion to issue sanctions so as to

21  deter abuse of this protective order.

22           7. ACCESS TO AND USE OF PROTECTED MATERIAL

23           7.1 Basic Principles. A Receiving Party may use Protected Material that is

24  disclosed or produced by another Party or by a non-party in connection with this case only

25  for prosecuting, defending, or attempting to settle this litigation. Such Protected Material

26  may be disclosed only to the categories of persons and under the conditions described in this

27  Order. When the litigation has been terminated, a Receiving Party must comply with the

28  provisions of section 11, below (FINAL DISPOSITION).

29

7

1         Protected Material must be stored and maintained by a Receiving Party at a
2  location and in a secure manner that ensures that access is limited to the persons authorized
3  under this Order.

4         7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
5  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
6  disclose any information or item designated CONFIDENTIAL only to:

7         (a) the Receiving Party's Outside Counsel of record in this action, as
8  well as employees of said Counsel to whom it is reasonably necessary to disclose the
9  information for this litigation and who have signed the "Agreement to Be Bound by
10  Protective Order" that is attached hereto as Exhibit A;

11         (b) the officers, directors, and employees (including House Counsel)
12  of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who
13  have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

14         (c) experts (as defined in this Order) of the Receiving Party to whom
15  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to
16  Be Bound by Protective Order" (Exhibit A);

17         (d) the Court and its personnel;

18         (e) court reporters, their staffs, and professional vendors to whom
19  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to
20  Be Bound by Protective Order" (Exhibit A);

21         (f) during their depositions, witnesses in the action to whom disclosure
22  is reasonably necessary and who have signed the "Agreement to Be Bound by Protective
23  Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that
24  reveal Protected Material must be separately bound by the court reporter and may not be
25  disclosed to anyone except as permitted under this Stipulated Protective Order.

26         (g) the author of the document or the original source of the
27  information.

28

29

8

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or in patent prosecutions involving _____, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f) the author of the document or the original source of the information.

7.4 Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies

9

the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm

10

Wood, et al. v. Vista Manor, et al. 06-01682 JW (PVT)
STIPULATED PROTECTIVE ORDER

that the disclosure would entail (under the safeguards proposed) outweighs the Receiving

Party's need to disclose the Protected Material to its Expert.

### 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of

11

Wood, et al. v. Vista Manor, et al, 06-01682 JW (PVT)
STIPULATED PROTECTIVE ORDER

1 | all the terms of this Order, and (d) request such person or persons to execute the

2 | "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

3 |     10. FILING PROTECTED MATERIAL. Without written permission from the

4 | Designating Party or a court order secured after appropriate notice to all interested persons, a

5 | Party may not file in the public record in this action any Protected Material. A Party that

6 | seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

7 |     11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the

8 | Producing Party, within sixty days after the final termination of this action, each Receiving

9 | Party must return all Protected Material to the Producing Party. As used in this subdivision,

10 | "all Protected Material" includes all copies, abstracts, compilations, summaries or any other

11 | form of reproducing or capturing any of the Protected Material. With permission in writing

12 | from the Designating Party, the Receiving Party may destroy some or all of the Protected

13 | Material instead of returning it. Whether the Protected Material is returned or destroyed, the

14 | Receiving Party must submit a written certification to the Producing Party (and, if not the

15 | same person or entity, to the Designating Party) by the sixty day deadline that identifies (by

16 | category, where appropriate) all the Protected Material that was returned or destroyed and

17 | that affirms that the Receiving Party has not retained any copies, abstracts, compilations,

18 | summaries or other forms of reproducing or capturing any of the Protected Material.

19 | Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

20 | pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work

21 | product, even if such materials contain Protected Material. Any such archival copies that

22 | contain or constitute Protected Material remain subject to this Protective Order as set forth in

23 | Section 4 (DURATION), above.

24 |     12. MISCELLANEOUS

25 |     12.1 Right to Further Relief. Nothing in this Order abridges the right of any

26 | person to seek its modification by the Court in the future.

27 |     12.2 Right to Assert Other Objections. By stipulating to the entry of this

28 | Protective Order no Party waives any right it otherwise would have to object to disclosing or

29 |

12

1    producing any information or item on any ground not addressed in this Stipulated Protective

2    Order. Similarly, no Party waives any right to object on any ground to use in evidence of any

3    of the material covered by this Protective Order.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

13

Wood, et al., v. Vista Manor, et al. 06-01682 JW (PVT)
STIPULATED PROTECTIVE ORDER

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED: ___5/26/07___

4    Fair Housing Law Project

5    Attorneys for Plaintiffs Barbara Wood, Barbara Wood on behalf of Edna Murillo's estate,

6    and Richard Wood.

7

8    DATED: _____

9    Keith A. Fink and Associates

10    Attorneys for Defendants Life Vista Manor Nursing Center, which is a dba of Generations

11    Healthcare LLC, a wholly-owned subsidiary of Life Generations Healthcare, Inc., Life

12    Generations Healthcare, Inc., and Abigale Moss

13

14    PURSUANT TO STIPULATION, IT IS SO ORDERED.

15    DATED April 2, 2007

16    DATED: _____

17    PATRICIA V. TRUMBULL

18    United States District/Magistrate Judge

19

20

21

22

23

24

25

26

27

28

29

14

Wood, et al. v. Vista Manor, et al. 06-01682 JW (PVT)
STIPULATED PROTECTIVE ORDER