UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARBARA WOOD, the estate of EDNA MURILLO, and RICHARD WOOD,<br><br>Plaintiffs,<br><br>v.<br><br>VISTA MANOR NURSING CENTER LIFE GENERATIONS HEALTHCARE, INC., and ABIGAIL MOSS<br><br>Defendants. | Case No.: C 06-01682-JW (PVT)<br><br>**ORDER GRANTING IN PART, AS MODIFIED BY THE COURT, MOTION OF NON-PARTY PROJECT SENTINEL FOR ISSUANCE OF PROTECTIVE ORDER** |

Plaintiffs Barbara Wood, Richard Wood, and the estate of Edna Murillo (collectively, "Plaintiffs") allege that Vista Manor Nursing Center, Life Generations Healthcare, Inc., and Abigail Moss (collectively, "Defendants") discriminated against Murillo on the basis of her disability by refusing her housing on account of her being HIV positive.[1]  Project Sentinel was originally a plaintiff in this action, but dismissed its claims and is no longer a party.

The instant motion is the product of a dispute between Defendants' counsel, Keith Fink, and Project Sentinel's counsel, Liza Cristol-Deman, which occurred during the deposition of a Project Sentinel witnesses, Ann Marquart.  On March 13, 2007, non-party Project Sentinel filed a motion for issuance of protective order.  Defendants filed their opposition on April 2, 2007.  Project Sentinel filed their reply on April 10, 2007.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

1    For the following reasons, IT IS HEREBY ORDERED that Project Sentinel's Motion for
2 Issuance of Protective Order is Granted in Part as follows.

3    Project Sentinel's motion asks the court to issue an order requiring Defendants to pay for
4 a professional videographer to tape the depositions of Project Sentinels' witnesses.  In the
5 alternative, Project Sentinel asks the court to order Defendants to assign someone other than
6 Mr. Fink to take the depositions.  Project Sentinel claims that Mr. Fink's behavior toward Project
7 Sentinel's witnesses and counsel during depositions was aggressive and unprofessional and
8 forced Ms. Cristol-Deman to terminate Ann Marquart's deposition.

9    In response, Defendants contend that Mr. Fink conducted himself with the utmost
10 professionalism and in a courteous manner throughout the course of taking depositions.
11 Defendants claim that Ms. Cristol-Deman acted in an unprofessional manner by failing to meet
12 and confer during the deposition, making improper objections, and unjustifiably terminated the
13 Ms. Marquart's deposition.

14   The court has reviewed the moving papers and transcripts and it appears that Mr. Fink
15 could be more polite and Ms. Cristol-Deman could be more thick-skinned.  Accordingly, there is
16 no good cause to bar Mr. Fink from participating in future depositions of Project Sentinel
17 witnesses or to require Defendants to assume the entire cost of hiring a videographer.  Therefore,

18   IT IS HEREBY ORDERED that for all future depositions of Project Sentinel witnesses,
19 Defendants and Project Sentinel shall either agree to split the cost of hiring a videographer to
20 video tape the depositions OR the depositions of Project Sentinel witnesses shall take place at
21 the District Court in San Jose, CA.[2]

22   IT IS SO ORDERED.

23 Dated: April 20, 2007

24                                               _____
                                                  PATRICIA V. TRUMBULL
25                                               United States Magistrate Judge

---

[2] If Project Sentinel and Defendants do not agree to split the cost of the videographer, they shall contact Chambers at (408) 535-5438 to make arrangements for any depositions to take place in the courthouse.